<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AZAM RAHIMI and RADIF RASHID, | : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Civil Action No. 15-6536-BRM-DEA |
| ZYDUS PHARMACEUTICALS (USA) INC., et al., | : : : | **OPINION** |
| Defendants. | : : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration filed by Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus") (ECF No. 156), seeking reconsideration of the Court's April 26, 2017 Opinion and Order (ECF Nos. 153 and 154), which granted in part and denied in part a motion to dismiss Plaintiffs Azam Rahimi ("Rahimi") and Radif Rashid's ("Rashid," collectively "Relators") First Amended Complaint (First Am. Compl. (ECF No. 9)). Relators oppose the Motion. (ECF No. 180.) Pursuant to Federal Rule of Civil Procedure 78(b), no oral argument was heard. For the reasons set forth herein, Zydus's Motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

The underlying facts are set forth at length in the Court's April 25, 2017 Opinion (ECF No. 153), from which Zydus seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

1

## II.     LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Group, Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i)[1]; *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new

---

[1] Local Civil Rule 7.1(d) further provides that "[n]o reply papers shall be filed, unless permitted by the Court, relating to . . . [Motions for] Reconsideration under L. Civ. R. 7.1(i)." Despite this clear mandate, Zydus filed a Reply to Relators' Opposition to Zydus's Motion for Reconsideration (ECF No. 182) without first seeking or obtaining the Court's permission. Therefore, the Court will not consider the arguments raised in Zydus's reply papers.

evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6*. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### III.  DECISION

In their Motion for Reconsideration, Zydus asks the Court to reconsider its decision partially denying its motion to dismiss. Specifically, Zydus argues: (1) Relators have not complied

3

with Rule 9(b); (2) Relators' claims are time barred; and (3) Relators lack standing to proceed with their State False Claim Act ("FCA") claims. (ECF No. 156-1 at 20.) The Court will address Zydus's challenges in turn.

In its prior Opinion, the Court denied Zydus's motion to dismiss each of Relators' federal and State FCA claims for failing to allege presentment. (ECF No. 152 at 20-24.) Counts I-III of the First Amended Complaint assert causes of action under 31 U.S.C. § 3729(a), alleging Zydus: (1) knowingly caused a false or fraudulent claim to be presented to the government for payment or approval, in violation of 31 U.S.C. §§ 3729(a)(1) and (a)(1)(A); (2) knowingly made or used or caused false records or statements, and omitted material facts, to get such false or fraudulent claims paid by the government, or that were material to false or fraudulent claims presented to the government, in violation of 31 U.S.C. §§ 3729(a) and (a)(1)(B); and (3) conspired with its retail pharmacy customers by offering these customers significantly lower prices for the Generic Drugs as an inducement, while Zydus reported false and fraudulent prices to the Publishers knowing Medicaid relied on such prices to establish reimbursement rates, in violation of the AKS. (*See* ECF No. 9.) By agreeing to the financial incentive of this price spread scheme, Relators allege Zydus and its retail pharmacy customers caused the submission of false or fraudulent claims to Medicaid, in violation of 31 U.S.C. §§ 3729(a)(3) and (a)(1)(C). (*Id.*) In addition to their federal FCA claims, Relators also bring causes of action under the false claims acts of 28 States and the District of Columbia.[2] (*Id.* at 47-126.)

---

[2] Relators' claims on behalf of the City of Chicago were previously dismissed. After Zydus's motion to dismiss was fully briefed, Relators filed a Motion to Dismiss Count XXXIII, asserted on behalf of the City of Chicago. (ECF No. 116.) Because "the City ha[d] no objection to the dismissal, with prejudice, of Count XXXIII of Relators' First Amended Complaint, and to the dismissal, without prejudice, of the City as a party in the suit" (ECF No. 141), and no other opposition was filed, the Court granted Relators' motion on January 23, 2017. (ECF No. 152.)

4

Relying, in part, on Exhibits 3 through 12 to the First Amended Complaint, the Court concluded:

> Exhibits 3 through 12 to the [First Amended Complaint], which are claims submitted by Rashid to New York Medicaid, all clearly show the reported AWP. (*See, e.g.*, ECF No. 9 at Ex. 3 (listing Blue Book's published AWP next to "BBAWP," or "Blue Book Average Wholesale Price".)[)] Thus, the *claims and invoices* attached to the [First Amended Complaint] provide a reliable indicia that false claims were presented to Medicaid.

(ECF No. 153 at 23 (emphasis added).) Zydus urges the Court to reconsider its position on the grounds that "the Court appears to have misconstrued the exhibits." (ECF No. 156-1 at 6.) Specifically, Zydus argues:

> The Court's conclusion appears to be premised on the fact that the "claims . . . all clearly show the reported AWP." But this is not correct. As is set out in Zydus's motion to dismiss reply brief, Exhibits 3 through 12 each includes two (or more) separate documents: (i) an electronic claim form presented by Relator Rashid to New York Medicaid and (ii) an invoice received by Relator Rashid from his wholesaler. While the wholesaler invoices include a figure designated as "BBAWP," the claims Relator Rashid presented to New York Medicaid do not include the AWP.

(*Id.* at 6-7.) However, Zydus ignores both the legal standard governing motions for reconsideration and the basis of the Court's prior ruling. For example, Zydus does not suggest there has been any intervening change in the controlling law or that there is any new, previously unavailable evidence. Instead, Zydus reargues Relators had not alleged facts demonstrating that false claims were actually submitted to the government because none of the claims attached to Relators' First Amended Complaint includes or references an AWP. (*Compare* ECF No. 101-1 at 25 *with* ECF No. 156-1 at 6-7.) This argument is not proper on a motion for reconsideration. *See* L.Civ.R. 7.1(i). To the extent Zydus argues the Court may have overlooked specific allegations in the First

5

Amended Complaint that would result in dismissal of Relators' claims and that reconsideration is necessary to prevent "manifest injustice," the Court also addresses that argument.

The term "overlooked" in Rule 7.1(i) "has been consistently interpreted as referring only to facts and legal arguments that might have reasonably resulted in a different conclusion had they been considered." *Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009); *see also Schiano*, 2016 WL 5340508, at *1 ("[W]hen the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it.") (citing L.Civ.R. 7.1(i)). Here, the Court did not overlook Exhibits 3 through 12 because those Exhibits were attached to the First Amended Complaint and Zydus argued the same argument in its motion to dismiss. *Hackensack Riverkeeper, Inc. v. Delaware Ostego Corp.*, 2007 WL 1749963, at *2 (D.N.J. June 15, 2007) (denying motion for reconsideration, noting "the Court [did not] overlook Plaintiffs' claims . . . and the relevant allegations in their Amended Complaint" because "those claims were presented in the Amended Complaint and argued in Plaintiffs' opposition to Defendants' motion to dismiss"). Indeed, the Court specifically referenced the Exhibits in its prior Opinion. (ECF No. 153 at 23.)

Even if the Court had overlooked the fact that the claims do not reference the AWP (which it did not), it would not have resulted in a different conclusion because the Court's holding was based on Relators' "*claims and invoices* attached to the [First Amended Complaint]," not just the claims presented by Rashid. (*Id.* (emphasis added).) Further, relators need not "identify a specific claim for payment at the pleading stage of the case to state a claim for relief." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 156 (3d Cir. 2014). It is "sufficient for a plaintiff to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 156, 157 (citations omitted). As the Court

6

found in its prior Opinion, "the *claims and invoices* attached to the FAC provide a reliable indicia that false claims were presented, *and* Relators provide[] more than sufficient details of the alleged scheme to put Zydus on notice of their claims." (ECF No. 153 at 24 (emphasis added).) Accordingly, Zydus's Motion for Reconsideration as to Relator's presentment argument is **DENIED**.

Next, Zydus contends certain of Relators' State FCA claims are "time-limited" because they accrued before the effective date of the relevant State's *qui tam* statutes. (ECF No. 156-1 at 7-10.) Specifically, it requests reconsideration of the Court's prior Opinion as it relates to the FCA statutes of Connecticut, Georgia, Indiana, Minnesota, New Jersey, Oklahoma, and Rhode Island. (*Id*. at 8.) Zydus argues "[e]ach of these States applies a presumption that a statute operates prospectively only unless the legislature directs otherwise, and there is no statutory language or legislative history indicating that these State FCAs apply retroactively." (*Id.*) Zydus goes on to illustrate and explain how the States' FCAs statutes should apply prospectively through case law, indicating there is a general presumption that legislation is intended to operate prospectively in those States. (*See id.* at 8-10.) Relators argue Zydus "advances no new authority or evidence indicating that manifest injustice would result from retroactive application of the state qui tam statutes at issue." (ECF No. 180 at 3.) They further argue "Zydus also does not cite any new authority regarding legislative intent as to the state *qui tam* statues at issue. Zydus is simply asking this Court to rethink what it has already thought through, which is improper in a motion for reconsideration." (*Id.* at 4 (citations omitted).) However, they do not refute the case law provided by Zydus. (*Id.* at 3-4.)

The Court is persuaded its prior decision to deny dismissal as to Connecticut, Georgia, Indiana, Minnesota, New Jersey, Oklahoma, and Rhode Island FCA claims prior to their effective

7

date was based upon a legal error. Therefore, the Court corrects the legal error to prevent manifest injustice. *Max's Seafood Café,* 176 F. 3d at 677.

The United States Supreme Court, in *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974), "anchor[ed] its holding . . . on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." The Court rejected "the contention that a change in the law is to given effect in a pending case only where that is the clear and stated intention of the legislature." *Id.* at 715. The Court also declined to hold that "courts must always . . . apply new laws to pending cases in the absence of clear legislative direction to the contrary," but noted that since the legislative history of the statute in question could be supportive of either position (applying the new law or the old), "it would seem to provide at least implicit support for the application of the statute to pending cases." *Id.* at 716.

In *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the Supreme Court clarified under what circumstances a new statute that does not explicitly state whether it applies to pending cases should be applied retroactively. The Court noted it "did not intend to displace the traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment" with the *Bradley* decision. *Id.* at 278. It commented that, even though the language in *Bradley* "suggests a categorical presumption in favor of application of all new rules of law," it was making clear "that *Bradley* did not alter the well-settled presumption against application of the class of new statutes that would have genuinely 'retroactive' effect." *Id.* at 277. Thus, the *Landgraf* Court enunciated the following standard:

> [W]hen a case implicates a *federal statute* enacted after the events in a suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules.

8

> When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*Id.* at 280 (emphasis added). Hence, under *Landgraf*, the new FCAs statutes should not be applied unless there is clear legislative guidance that it is proper to do so.

However, both *Bradley* and *Landgraf* are *federal cases* where the United States Supreme Court was discussing whether it was appropriate to apply *federal statutes* retroactively. Here, the issue is whether specific State FCA statutes should be given retroactive effect when the state legislatures were silent. The Court must consider how each State treats retroactivity questions, not the applicability of *Bradley* and *Landgraf*. Therefore, the Court will address each State.

The New Jersey FCA "is not retroactively applicable to conduct occurring prior to its effective date." *State ex rel. Hayling v. Corr. Med. Servs., Inc.*, 28 A.3d 1246, 1250 (N.J. Super. Ct. App. Div. 2011). Accordingly, Zydus's Motion relating to New Jersey is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the New Jersey FCA (Count 23) which occurred prior to its effective date, March 13, 2008. N.J. Stat. Ann. § 2A:32C–1.

Pursuant to the Connecticut Supreme Court, "The principles that govern retroactive application of legislative enactments are well-established. Except as to amending statutes that are procedural in their impact, there is a general presumption that legislation is intended to operate prospectively." *Enfield Fed. Sav. & Loan Ass'n v. Bissell*, 440 A.2d 220, 221 (Conn. 1981). The Connecticut FCA is not a procedural statute, therefore the presumption is that it should be applied prospectively. Accordingly, Zydus's Motion relating to Connecticut is **GRANTED** and the Court

will dismiss with prejudice Relators' claims under the Connecticut FCA (Count 5) which occurred prior to its effective date, October 5, 2009. Conn. Gen. Stat. Ann. § 17b–301a, § 17b–301b.[3]

Pursuant to the Georgia Supreme Court, "legislation which involves mere procedural or evidentiary changes may operate retrospectively; however, legislation which affects substantive rights may only operate prospectively." *Fowler Props., Inc. v. Dowland*, 646 S.E.2d 197, 200 (Ga. 2007). The Georgia Constitution clarifies, "No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed." Ga. Const. art. 1, § 1, ¶ X. Accordingly, Zydus's Motion relating to Georgia is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the Georgia FCA (Count 10) which occurred prior to its effective date, May 24, 2007. Ga. Code Ann. § 49–4–168.1.

In Indiana, "absent an express indication otherwise, [courts applying Indiana law] presume that the legislature intended that the statute be applied prospectively only." *Robinson v. Valladares*, 738 N.E.2d 278, 281 (Ind. Ct. App. 2000). The Indiana legislature enacted the Indiana False Claims and Whistleblower Protection statute on May 11, 2005, and the legislature noted it was effective on July 1, 2005. 2005 Ind. Legis. Serv. P.L. 222-2005 (H.E.A. 1501). Accordingly, Zydus's Motion relating to Indiana is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the Indiana FCA (Count 13) which occurred prior to July 1, 2005.

Pursuant to the Minnesota Supreme Court "laws are presumed to have no retroactive effect unless clearly and manifestly intended by the legislature. . . . No lesser standard should be applied to rules promulgated under statutory authority." *Mason v. Farmers Ins. Cos.*, 281 N.W.2d 344,

---

[3] The Court notes these provisions of the Connecticut FCA statute have been since repealed, effective June 13, 2014. (*Id.*)

348 (Minn.1979). The Minnesota FCA was enacted in 2009 and became effective July 1, 2010. Minn.Stat. Ann. § 15C.01. Accordingly, Zydus's Motion relating to Minnesota is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the Minnesota FCA (Count 19) which occurred prior to July 1, 2010.

In Oklahoma, "[a]bsent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only." *Cole v. Silverado Foods, Inc.*, 78 P.3d 542, 546 (Okla. 2003.) The Oklahoma Medicaid FCA became effective November 1, 2007. 2007 Okla. Sess. Law Serv. Ch. 137 (S.B. 889). Accordingly, Zydus's Motion relating to Oklahoma is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the Oklahoma Medical FCA (Count 27) which occurred prior to November 1, 2007.

Pursuant to the Rhode Island Supreme Court, "statutes and their amendments operate prospectively unless there is clear, strong language or a necessary implication that the General Assembly intended to give the statute retroactive effect." *Direct Action for Rights & Equal. v. Gannon*, 819 A.2d 651, 658 (R.I. 2003). If "a statute lacks such clear, strong language or there is no necessary implication concerning its retroactive application, the distinction between a substantive statute and a remedial, or procedural, statute becomes very important." *Id.* Substantive statutes, "which create, define, or regulate substantive legal rights, must be applied prospectively, . . . remedial and procedural statutes, which do not impair or increase substantive rights but rather prescribe methods for enforcing such rights, may be construed to operate retroactively." *Id.* (citation omitted). The Rhode Island FCA is similar substantively to other state FCAs and the federal FCA, and therefore, cannot be deemed remedial or procedural because it creates civil liability. *U.S. ex rel. King v. Solvay S.A.*, 823 F. Supp. 2d 472, 530 (S.D. Tex. 2011), *order vacated in part on reconsideration*, No. H-06-2662, 2012 WL 1067228 (S.D. Tex. Mar. 28, 2012). The

Rhode Island FCA became effective on July 1, 2007. R.I. Gen. Laws 1956, § 9–1.1. Accordingly, Zydus's Motion relating to Rhode Island is **GRANTED** and the Court will dismiss with prejudice Relators' claims under the Rhode Island FCA (Count 28) which occurred prior to July 1, 2007.

Finally, Zydus argues Relators lack standing to proceed with their State FCA claims on two grounds: (1) Georgia, Hawaii, and Rhode Island did not file notices declining intervention at the time the Court issued its April 26, 2017 Opinion; and (2) the notices declining intervention filed do not comply with their State FCA requirements because they were filed more than five years late. (ECF No. 156-1 at 11- 20.) Zydus "requests that the Court dismiss Relator's State FCA claims without prejudice and instruct relators to re-file their complaint and comply with all State FCA requirements." (*Id.* at 19.)

The Court acknowledges Georgia, Rhode Island, and Hawaii did not file notices declining intervention at the time the Court issues its prior Opinion, however, all three states have now filed declination notices on record rendering Zydus's argument moot. (*See* ECF Nos. 159, 175, 160, 172, 178, and 179.) As articulated in the Court's prior Opinion, each jurisdiction's false claims act requires either the jurisdiction or an official thereof to notify the Court of that jurisdiction's decision to decline intervention.[4] This procedure was not complied with prior to filing suit, as only the United States notified the Court of its election to decline intervention. (ECF No. 10.) After the Court's April 26, 2017 Opinion, however, the Court received formal notice of declination from Georgia, Rhode Island, and Hawaii. (*See* ECF Nos. 159, 160, and 178.) Although these late notices do not strictly comply with the requirements of each jurisdiction's false claims act, the United

---

[4] The Georgia statute requires the state "Attorney General" to "[n]otify the court that it declines to take over the civil action." Ga. Code Ann. §49-4-168.2(c)(4)(B). The Hawaii statute requires "the State" to "[n]otify the court that it declines to take over the action." Haw. Rev. Stat. § 661-25(d)(2). The Rhode Island statute requires the "state" to "[n]otify the court that it declines to take over the action." R.I. Gen. Laws Ann. § 9-1.1-4(b)(4)(ii).

12

States' omnibus Notice of Election to Decline Intervention (ECF No. 10) did provide Zydus with notice of all States intent to decline intervention. Further, in light of the States' subsequent notices, and in the interest of juridical economy, the Court will allow these claims to proceed.[5]

Second, Zydus failed to argue in its motion to dismiss that notices declining intervention must be filed within a specific time period. (*See* ECF No. 101.) Therefore, this argument cannot serve as a basis for the Court's reconsideration of its prior Opinion. *Estate of Harrison v. Trump Plaza Hotel & Casino*, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) ("[N]ew arguments cannot serve as a basis for the Court's reconsideration of its prior Opinion and Order."); *BAPU Corp v. Choice Hotels Int'l.*, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) (refusing to "consider Plaintiffs' . . . argument because it was raised for the first time in this motion for reconsideration"). In any event, the Court acknowledges these notices were not filed at the time of Zydus's motion to dismiss, and therefore gives Zydus the benefit of the doubt as to why it did not timely raise the argument. However, even if the State FCA statutes require a State to decline intervention within a specific period of time (*see* ECF No. 156-1 at 14-20), and the notices declining intervention did not strictly comply with those requirements, the interests of judicial economy do not warrant the Court ordering Relators to re-file their complaint simply so the States can re-submit their notices in a timely fashion.

Lastly, to the extent Zydus is asking the Court to reconsider its decision to allow Relators' State law cause of action to proceed regardless of their failure to comply with the requirements of each jurisdiction's false claims act because it overlooked the law, the Court did not overlook the

---

[5] Georgia and Rhode Island's FCA claims will only proceed to the extent those claims occurred after the statutes effective date as discussed above.

13

States FCA requirements. Indeed, it acknowledged that the declination notices did not strictly comply with the requirements of each jurisdiction's false claims act. (ECF No. 153 at 30.) Nevertheless, in the interests of juridical economy, it decided to allow the claims to proceed. Therefore, Zydus merely disagrees with the Court's reasoning and ultimate decision, and mere disagreement is not a sufficient basis for reconsideration. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Accordingly, Zydus's Motion as to standing is **DENIED**.[6]

### IV. CONCLUSION

For the reasons set forth above, Zydus's Motion for Reconsideration (ECF No. 156) is **GRANTED in part** and **DENIED in part**. Zydus's Motion for Reconsideration as to Relators' presentment argument is **DENIED**. Zydus's Motion for Reconsideration as to the Court's prior decision denying dismissal as to Connecticut, Georgia, Indiana, Minnesota, New Jersey, Oklahoma, and Rhode Island's FCA claims prior to their effective date is **GRANTED** to the extent those claims occurred after the statutes effective date. Lastly, Zydus's Motion for Reconsideration as to the Court's prior decision as to Relators' lack of standing is **DENIED**. An appropriate order will follow.

**Date: January 23, 2018**                                */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[6] Notably, Connecticut, Georgia, Indiana, Minnesota, New Jersey, Oklahoma, and Rhode Island's FCA claims will only proceed to the extent those claims occurred after the statutes effective date as discussed above.

14